Appellant-defendant Michael E. Cool appeals from the denial of his petition for postconviction relief in the Summit County Court of Common Pleas. This Court affirms.
On August 26, 1996, Cool pled guilty to five counts of robbery and admitted that his guilty plea constituted a violation of his probation. Cool was sentenced on September 23, 1996. Cool appealed and this Court affirmed the decision of the trial court in State v. Cool (Oct. 1, 1997), Summit App. No. 18148, unreported. Cool subsequently filed a petition for postconviction relief on August 20, 1998. The trial court denied Cool's petition on the grounds that it was untimely filed and barred by resjudicata. Cool timely appealed, asserting four assignments of error.
In his first assignment of error, Cool argues that the trial court erred by denying his petition for postconviction relief for being untimely. R.C. 2953.21(A)(2) requires that a petition for postconviction relief "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." Cool filed the transcripts of the trial court's proceedings with this Court on December 2, 1996, and, therefore, his petition for postconviction relief was required to be filed by May 31, 1997. Because Cool did not file his petition for postconviction relief until August 20, 1998, four hundred forty-six days late, the trial court was barred from entertaining his petition. See State v. Medley (Mar. 10, 1999), Summit App. No. 19046, unreported.
 Under Section 2953.23(A) of the Ohio Revised Code, a trial court may not entertain an untimely filed petition for [postconviction] relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after the 180 days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted[.]
Id., quoting State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, appeal not allowed (1997), 79 Ohio St.3d 1482.
Cool failed to satisfy the criteria set forth in R.C.2953.23(A). A review of his postconviction petition reveals that he argued that his trial counsel was ineffective because she did not present potentially mitigating evidence to the court and that he did not learn these facts until after he was sentenced. However, Cool has failed to address whether he was unavoidably prevented from discovering these facts[1] or that a new federal or state right applies. Further, Cool has made no attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty.
Cool also argues that his petition should not be time barred because it is completely his appellate counsel's fault that the petition was untimely,[2] that Cool is "a layman of the Law," and that the prison law library is inadequate. In essence, Cool is asking this Court to carve out another exception for filing an untimely petition. This Court declines to do so.
Because Cool failed to allege that he meets any of the criteria set forth under R.C. 2953.23(A), the trial court was not required to address the merits of Cool's claims in denying his petition. See State v. Carswell (Mar. 10, 1999), Lorain App. No. 98CA007067, unreported, citing State v. Coots (Dec. 24, 1997), Wayne App. No. 96CA0095, unreported. Accordingly, Cool's first assignment of error is overruled. Cool's remaining assignments of error are therefore moot and need not be addressed by this Court. See App.R. 12(A)(1)(c).
The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR
FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR
[1] This is in fact the same argument that Cool raised on direct appeal. Cool was capable of discovering the facts upon which he relies in his postconviction petition, as he had previously discovered and asserted these facts. See State v. Cool
(Oct. 1, 1997), Summit App. No. 18148, unreported.
[2] This Court notes that the appellate counsel, upon whom Cool places complete blame for the untimeliness of his postconviction relief petition, only represented Cool in his direct appeal. Cool petitioned the trial court pro se for postconviction relief, and is proceeding pro se in the instant appeal.